

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00420-CV

Steven **ROBLES**,
Appellant

v.

Sally **ALBA**, et al.,
Appellees

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 090324241MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

PER CURIAM

Sitting: Sandee Bryan Marion, Chief Justice
    Rebeca C. Martinez, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed: July 10, 2019

DISMISSED

This is an attempted appeal from a final order in a suit affecting the parent-child relationship, dated August 10, 2009. Appellant filed a "Motion for Leave to File Late Notice of Appeal" on June 20, 2019.

Absent a timely filed notice of appeal from a final judgment or appealable interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A notice of appeal must be filed within thirty days after the judgment or other appealable order is signed if no deadline-extending post-judgment motions have been filed. *See*

Tex. R. App. P. 26.1. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). "Once the period for granting a motion for extension of time under [Rule 26.3] has passed, a party can no longer invoke an appellate court's jurisdiction." *Id*.

Here, appellant did not file a notice of appeal within the time allowed by Rule 26.1, nor did he file a notice of appeal or motion for extension of time to file a notice of appeal within the fifteen-day grace period provided by Rule 26.3. Accordingly, this appeal and appellant's motion for leave are dismissed for lack of jurisdiction.

PER CURIAM